KENNETH EDWARD CLARK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket No. 9337-83.
United States Tax Court
T.C. Memo 1984-326; 1984 Tax Ct. Memo LEXIS 347; 48 T.C.M. (CCH) 371; T.C.M. (RIA) 84326; June 26, 1984. David Hofer, for the petitioner. James Gehres, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: By statutory notice of deficiency dated January 25, 1983, respondent *348 determined a deficiency of $2,860.97 in petitioner's Federal income tax liability for 1979 and an addition to tax of $231.92 under section 6651(1). [1] This determination was based on matters now settled and on the disallowance of a purported $9,700 charitable contribution to the Universal Life Church (Hcurch). The issues for decision are whether petitioner actually made the alleged contribution; if so, whether the contribution was made to an entity that is organized for an exclusively religious or charitable purpose and was not used primarily to benefit petitioner; and whether petitioner is liable for damages pursuant to section 6673. Petitioner Kenneth Edward Clark resided in Aurora, Colorado, at the time he filed his petition herein. On his tax return, which was filed late on June 20, 1980, petitioner listed his occupations as a letter-carrier and a minister and reported $19,275 in income from wages and salary and $124 from an income tax refund. Among the deductions claimed on the return was one in the amount of $9,700 (exactly *349 50 percent of his adjusted gross income) for a charitable contribution to the Universal Life Church. Petitioner testified that he was an ordained minister of the Church and that he conducted his Church at his personal residence. He alleges that the Church paid his rent, utilities, and other personal expenses as compensation for services he rendered to the Church. The evidence, however, is clear that petitioner himself paid his rent, utilities, and personal expenses, and there is no evidence that petitioner ever contributed any funds to the Church. Respondent offered evidence that petitioner had instituted an action in this Court with respect to his Federal tax liability for 1980, which raised the same issue concerning alleged contributions to the Church. Upon motion by respondent, that action was dismissed by order of this Court on December 5, 1983. [2]
Petitioner has no right to deductions from income unless the specific statutory requirements that allow those deductions are fully satisfied. Deputy v. du ; *350 . To support claimed claimed charitable deductions, the provisions of section 170, [3] other things, require a showing that payments were made and that the recipient organization qualifies under section 170(c). To qualify, the entity must be organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes. Additionally, the net earnings may not inure to the private benefit of any individual. Section 170(c)(2)(B) and (C). *351 Petitioner argues, notwithstanding his failure to show that he made contributions to the Church, that as an ordained minister of the Church he is entitled to deduct 50 percent of his adjusted gross income as a charitable contribution. The Court finds absolutely no merit in petitioner's claim. We have heard many cases in recent years contesting the disallowance of purported charitable contributions to family churches that purport to be affiliated with the Universal Life Church. [4] We have consistently held against taxpayers in those cases finding that the donations made, if any, did not meet the definition of a section 170(c) charitable contribution.
There is no statutory or regulatory provision of the Internal Revenue Code that allows petitioner to deduct one-half of his income from non-church related sources just because he has some type of affiliation with the Church. Petitioner contended at trial that section 107 *352 [5] provided him a deduction for a minister's parsonage. Section 107, however, allows "minister[s] of the gospel" to exclude from gross income the rental value of a home or the rental allowance paid to them by a church. Petitioner herein never included any income with respect thereto in his Federal income tax return sohe has no grounds for claiming an exclusion. The wages he earned and reported on his tax return were attributable to his services as a letter carrier and had nothing to do with his services as a minister. Additionally, petitioner has failed to demonstrate that he made any payment to the Church during 1979. For a payment to qualify as a charitable contribution, the taxpayer must establish that he relinquished dominion and control over the property which was allegedly contributed. , affd. without published *353 opinion, . By his own testimony, petitioner merely paid directly the obligations due his personal creditors. The church did not control or at any time possess any of the funds. Even assuming that petitioner did make a contribution to the Church, and assuming that the Church was organized exclusively for religious purposes, petitioner testified that the entire amount of the contribution was used to pay his rent and personal expenses. This alone is fatal to petitioner's claim because any contribution made completely inured to his personal benefit. [6] We must, therefore, deny petitioner's claimed deduction and hold for respondent.
Turning to respondent's motion for damages under section 6673 [7], we find that petitioner's action herein was instituted and maintained primarily for delay and is frivolous and groundless. Petitioner has been on notice since March of 1982 that respondent disallowed a similar deduction *354 for his purported contribution to the Church with respect to 1980, and has been on notice since December of 1983, that this Court dismissed his petition with respect to that year.Even if a taxpayer unknowingly institutes a groundless lawsuit out of ignorance, he will be subject to the imposition of damages under section 6673, if it is shown that he thereafter becomes aware that his position is frivolous and yet continues to pursue his lawsuit. . Petitioner herein abused the process of this Court and wasted its resources. Accordingly, pursuant to section 6673, we hereby award the United States damages of $750. *355 Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue, unless otherwise indicated.↩
2. Clark v. Commissioner,↩ Docket No. 12563-82, Order of Dismissal and Decision (December 5, 1983), on appeal (10th Cir., Mar. 7, 1984).
3. Section 170 provides in relevant part: (a) Allowance of Deduction. -- (1) General rule. -- There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. * * * * * * (c) Charitable Contribution Defined -- For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of -- * * * (2) A corporation, trust, or community chest, fund, or foundation -- * * * (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * * (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual.↩
4. See, e.g., ; ; ; .↩
5. Section 107 provides: In the case of a minister of the gospel, gross income does not include -- (1) the rental value of a home furnished to him as part of his compensation; or (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home.↩
6. See, e.g., , affd. without published opinion, ; .↩
7. Since the petition herein was filed with this Court on April 25, 1983, the amended version of sec. 6673 is now applicable. Sec. 6673 now provides: Wherever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as part of the tax.↩